J-S59002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF:  H. S., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  M. S., MOTHER | No. 1047  EDA 2017 |

Appeal from the Order Entered February 21, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No(s):  CP-51-DP-0000158-2017

| | |
|---|---|
| IN THE INTEREST OF: B. S. JR., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  M. S., MOTHER | No. 1048  EDA 2017 |

Appeal from the Order Entered February 21, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No(s):  CP-51-DP-0000159-2017

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED NOVEMBER 07, 2017**

M.S. (Mother) appeals from the February 21, 2017 orders that granted the petitions filed by the Philadelphia Department of Human Services (DHS), requesting the adjudication of dependency of H.S. (Child 1), born in January of 2016, and B.S., Jr. (Child 2), born in October of 2012.[1]  After review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] This Court consolidated these two appeals *sua sponte* by order filed on April 2, 2017.

On appeal, Mother presents the following two issues for our review:

1. Did the [t]rial judge rule in error that the Philadelphia City Solicitor's Office meant [*sic*] its burden of proof that the child[ren] should be adjudicated dependent under 42 Pa.C.S. [§] 6302?

2. Did the judge rule in error that the children be committed to the Department of Human Services?

Mother's brief at 3.

Our standard of review for dependency cases is as follows:

[T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010).

Section 6302 of the Juvenile Act defines a dependent child, in part, as

a child who

(1)     is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk, including evidence of the parent's, guardian's or other custodian's use of alcohol or a controlled substance that places the health, safety or welfare of the child at risk;

42 Pa.C.S. § 6302(1).

In *In re G., T.*, 845 A.2d 870 (Pa. Super. 2004), we stated:

> The question of whether a child is lacking proper parental care or control so as to be a dependent child encompasses two discrete questions: whether the child presently is without proper parental care and control, and if so, whether such care and control are immediately available.

*Id.* at 872 (internal quotations and citations omitted). "The burden of proof in a dependency proceeding is on the petitioner to demonstrate by clear and convincing evidence that a child meets that statutory definition of dependency." *Id.*

We have reviewed the certified record, the briefs of the parties, the applicable law, and the comprehensive opinion authored by the Honorable Joseph Fernandes of the Court of Common Pleas of Philadelphia County, filed on May 24, 2017. We conclude that Judge Fernandes's well-reasoned opinion correctly disposes of the issues raised by Mother in these appeals and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Fernandes's opinion as our own and affirm the February 21, 2017 orders on that basis.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017

- 3 -